# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. BUREAU OF LAND MANAGEMENT<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>      Defendant. | Case No.: 1:17-cv-1208<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.  In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats— challenges the failure of the U.S. Bureau of Land Management ("BLM") to provide communications and records relating to Department of the Interior Secretarial Order No. 3338 ("Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program"), an Order which dramatically changes the nation's federal coal policy, with potentially disastrous consequences for the climate, in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.  Plaintiff Center filed its FOIA request on March 28, 2017. BLM failed to respond in any manner.

3. As of the filing of this Complaint, the Center has still received no response from BLM to its follow-up inquiries or any responsive records to its request.

4. BLM's refusal to release records relating to the agencies' nation-wide coal strategy on federal public lands violates FOIA's policy of government transparency.

5. BLM is unlawfully withholding the records by failing to conduct an adequate search for responsive records and by refusing to provide all reasonably segregable portions of any records that contain material that may be lawfully exempt.  Prompt access to these records is necessary to effectuate FOIA's purpose, thus the Center seeks declaratory relief establishing that BLM violated FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing the agency to provide any improperly withheld records and all reasonably segregable portions of any lawfully exempt records without any further delay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because a portion of the responsive records may be found in this district.

8. Declaratory relief is appropriate under 28 U.S.C. § 2201.

9. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than

58,000 members.  The Center and its members are harmed by BLM's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the nature, scope and rationale behind the agency's action on coal extraction activities on federal public lands managed by the BLM.

11. Defendant U.S. BUREAU OF LAND MANAGEMENT is an agency of the executive branch of the U.S. government, under the U.S. Department of the Interior.  BLM is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  BLM is a federal agency that is responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

12. FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

13. FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6); 43 C.F.R. § 2.16(a).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

14. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

15. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

16. First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

17. Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension which also requires that it provide the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

18. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

19. FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

20. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions.

*Id.* § 552(b). These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

21. FOIA provides that a request for records must be "reasonably described." *Id.* § 552(a)(3)(A)(i); 43 C.F.R. § 2.5. Courts have determined that a FOIA request reasonably describes the requested records so long as the agency's records custodian can locate the records.

22. The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

23. Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

24. On March 28, 2017, Plaintiff Center submitted a FOIA request to BLM.

25. In its FOIA request to BLM, the Center sought six categories of records relating to Interior Secretarial Order 3338, which ordered a "Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program." The request sought "(a)ll communications" … i) "with private (non-governmental) parties," ii) "with any state, county, and/or local government officials and/or agencies", iii) "with elected officials", iv) "with the Trump Presidential Transition Team", v) "with any other federal agencies", and vi) "among and/or between Department of Interior staff" … "discussing or referencing Secretarial Order

5

3338 and/or its content, development, substance, and or potential repeal, withdrawal, replacement, or modification, even if the Order is not explicitly discussed or referenced."

26. On May 10, 2017, Plaintiff Center sent a follow-up letter to BLM, explaining that "31 days have passed with no further response from BLM" to the Center's original FOIA request of March 28. The Center stressed that it sought a "cooperative approach" with the agency but "that time is of the essence in this matter and our patience is not without limits."

27. As of the date of this complaint, no response from BLM to either the original FOIA request, or the Center's follow-up letter, has been received.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

<u>BLM Failed to Make a Determination on the Center's FOIA Request</u>

28. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

29. BLM violated the FOIA by failing to make a timely determination on Plaintiff's March 28, 2017 FOIA request to the agency. 5 U.S.C. § 552(a)(6)(i).

30. The Center has a statutory right to receive a determination from BLM.

31. In addition to failing to make a timely determination on the Center's FOIA request, BLM has not responded in any way, including by acknowledging the Center's request, assigning a tracking number to the Center's request, or providing an estimated date by which the agency will complete a determination on the Center's FOIA request. 5 U.S.C. § 552(a)(7).

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

BLM Refused to Disclose Records Responsive to the Center's FOIA Request

32. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33. BLM violated FOIA and the Department of Interior FOIA Regulations, which apply to BLM, by refusing to disclose records that are responsive to the Center's FOIA Request regarding Secretarial Order 3338.  5 U.S.C. § 552(a)(4)(B); 43 C.F.R. § 2.12.

34. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

35. The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's disclosure provisions as it has in this case.

36. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, BLM will continue to violate Plaintiff's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

BLM Failed to Conduct an Adequate Search for Responsive Records to the
Center's FOIA Request

37. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. The Center has a statutory right to have BLM process its FOIA request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  BLM violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Plaintiff's FOIA request.

39. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

40. The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

41. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

BLM Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

42. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

44. BLM violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Plaintiff's FOIA request.

45. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

46. The Center's organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's disclosure provisions as it has in this case.

47. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First through Fourth Claims)**

BLM Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires

48. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49. BLM unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) respond to the Center's FOIA Request; (2) search for and disclose records that are responsive to the Center's FOIA Request; (3) make a timely and lawful determination on the Center's FOIA Request; (4) conduct a search that is reasonably calculated to locate all responsive records to the FOIA request; and (5) provide the Center with reasonably segregable portions of responsive records to the Center FOIA request in the event that records may be subject to an exemption.  BLM's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

50. Alternatively, BLM unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal:  (1) to respond to the Center's FOIA request, (2) to search for and disclose records that are responsive to the FOIA request; (3) to make a timely and lawful determination on the FOIA request; (4) to conduct a search that is reasonably calculated to locate all records that are responsive to both of the Center's FOIA requests; and (5) to provide the Center with reasonably segregable portions of records responsive

to the Center's FOIA request which may be subject to any exemption.  BLM's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

51.     As alleged above, BLM's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

52.     The Center has suffered a legal wrong as a result of BLM's failure to comply with the mandates of FOIA.  As alleged above, BLM violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

53.     The Center has no other adequate remedy at law to redress the violations noted above.

54.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

BLM's Violations of FOIA's Requirements Are Arbitrary, Capricious,
An Abuse of Discretion, or Otherwise Not in Accordance with Law

55.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

56.     BLM violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) respond to Center's FOIA request; (2) search for and disclose records that are responsive to the FOIA request; (3) make a timely and lawful determination on the FOIA request; (4) conduct a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request; and (5) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA request which may be subject to any exemption.  By

repeatedly violating FOIA's statutory mandates, BLM's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

57.     As alleged above, BLM's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

58.     The Center has suffered a legal wrong as a result of BLM's failure to comply with the mandates of FOIA.  As alleged above, BLM violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

59.     The Center has no other adequate remedy at law to redress the violations noted above.

60.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Order Defendant to respond to Plaintiff's FOIA request as required by the FOIA;

2.     Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA Request, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.     Declare that Defendant's failures to undertake a search for and disclose to Plaintiff all records that are responsive to Plaintiff's FOIA Requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has

been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.	Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA Requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

5.	Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.	Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7.	Grant such other and further relief as the Court may deem just and proper.

DATED: June 20, 2017	Respectfully submitted,

	*/s/ William J. Snape, III*
	William J. Snape, III (D.C. Bar No. 455266)
	Center for Biological Diversity
	1411 K Street, NW
	Washington, DC 20005
	202-536-9351
	bsnape@biologicaldiversity.org

*/s/ Amy R. Atwood*
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldiversity.org

*Attorneys for Plaintiff*