## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701 | **FIRST AMENDEDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Plaintiff, | |
| v. | Case No.:  1:17-cv-1208-BAH |
| U.S. BUREAU OF LAND MANAGEMENT 1849 C Street, NW Washington, DC 20240, and | |
| U.S. DEPARTMENT OF THE INTERIOR 1849 C Street, NW Washington, DC 20240 | |
| Defendants. | |

## INTRODUCTION

1.      In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats— challenges the U.S. Bureau of Land Management ("BLM") and the U.S. Department of the Interior ("Interior") because those agencies failed to provide all communications and related records discussing Department of the Interior Secretarial Order No. 3338 ("Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program"), in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.      Plaintiff Center filed its virtually identical FOIA requests to BLM and Interior on March 28, 2017.

3.      BLM has failed to respond in any manner.  As of the filing of this First Amended Complaint, the Center has still received no acknowledgement or response from BLM to its initial request and follow-up inquiries, nor received any responsive records to its request.

4.      Interior acknowledged receipt of the Center's FOIA request on March 29, 2017. The Center has received nothing from Interior since the acknowledgement of March 29, despite an urgent follow-up letter by the Center to Interior on June 14, 2017.

5.      BLM and Interior's refusal to release records of communications discussing the agencies' nation-wide coal strategy on federal public lands violates FOIA's policy of government transparency.

6.      BLM and Interior are unlawfully withholding the records by failing to conduct an adequate search for responsive records for which no FOIA exemptions apply and by refusing to provide all reasonably segregable portions of any records that may contain material that is lawfully exempt.  Prompt access to these records is necessary to effectuate FOIA's purpose, thus the Center seeks declaratory relief establishing that BLM and Interior violated FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing the agency to provide any improperly withheld records without any further delay.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because a portion of the responsive records may be found in this district.

2

9.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

10.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. §
552(a)(4)(B).

## **PARTIES**

11.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit
conservation organization with offices throughout the United States.  The Center has more than
58,000 members.  The Center and its members are harmed by BLM and Interior's violations of
FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full
understanding of the nature, scope and rationale behind the agency's action on coal extraction
activities on federal public lands managed by the BLM and Interior.

12.     Defendant U.S. BUREAU OF LAND MANAGEMENT is an agency of the
executive branch of the U.S. government, under the U.S. Department of the Interior.  BLM is in
possession and control of the records that the Center seeks, and as such, it is subject to FOIA
pursuant to 5 U.S.C. § 552(f).  BLM is a federal agency responsible for applying and
implementing the federal laws and regulations at issue in this complaint.

13.     Defendant U.S. DEPARTMENT OF THE INTERIOR is a cabinet-level agency of
the executive branch of the U.S. government.  Interior is responsible for protecting and managing
much of the Nation's wildlife, natural resources, public lands and cultural heritage.  Interior has
nine bureaus under it, including BLM.  Interior is in possession and control of the records the
Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  Interior is a
federal agency responsible for applying and implementing the federal laws and regulations at
issue in this complaint.

## STATUTORY BACKGROUND

14.     FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

15.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6); 43 C.F.R. § 2.16(a).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

16.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

17.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

18.     First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A)(ii).

19.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension which also requires that it provide the date by which the agency expects to make the determination.  *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual

circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

20.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

21.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

22.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id.* § 552(b). These exemptions, however, must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

23.     FOIA provides that a request for records must be "reasonably described." *Id.* § 552(a)(3)(A)(i); 43 C.F.R. § 2.5. Courts have determined that a FOIA request reasonably describes the requested records so long as the agency's records custodian can locate the records.

24.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

25.     Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### FOIA Request to BLM

26.     On March 28, 2017, Plaintiff Center submitted a FOIA request to BLM.

27.     In its FOIA request, Plaintiff Center sought six categories of records discussing Interior Secretarial Order 3338, which ordered a "Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program."  The request sought "(a)ll communications" … i) "with private (non-governmental) parties," ii) "with any state, county, and/or local government officials and/or agencies", iii) "with elected officials", iv) "with the Trump Presidential Transition Team", v) "with any other federal agencies", and vi) "among and/or between Department of Interior staff" …  "discussing or referencing Secretarial Order 3338 and/or its content, development, substance, and or potential repeal, withdrawal, replacement, or modification, even if the Order is not explicitly discussed or referenced."

28.     BLM never acknowledged or responded to the Center's FOIA request.  On May 10, 2017, Plaintiff Center sent a letter to BLM, notifying BLM that the agency had violated FOIA's statutory determination deadline and explaining that "31 days have passed with no further response from BLM" to the Center's original FOIA request of March 28.  The Center

offered to assist BLM in any way, and stressed that it sought a "cooperative approach" with the agency but "that time is of the essence in this matter and our patience is not without limits."

29.     As of the date of this First Amended Complaint, the Center has not received any response from BLM to either the original FOIA request, or the Center's follow-up letter.

**FOIA Request to Interior (OS-2017-00376)**

30.     On March 28, 2017, Plaintiff Center submitted a FOIA request to Interior.

31.     In its FOIA request, Plaintiff Center sought six categories of records discussing Interior Secretarial Order 3338, which ordered a "Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program."  The request sought "(a)ll communications" … i) "with private (non-governmental) parties," ii) "with any state, county, and/or local government officials and/or agencies", iii) "with elected officials", iv) "with the Trump Presidential Transition Team", v) "with any other federal agencies", and vi) "among and/or between Department of Interior staff" …  "discussing or referencing Secretarial Order 3338 and/or its content, development, substance, and or potential repeal, withdrawal, replacement, or modification, even if the Order is not explicitly discussed or referenced."

32.     Interior acknowledged receipt of the Center's FOIA request on March 29, 2017, assigning the request control number OS-2017-00376 and "taking a 10-workday extension" under applicable law while also placing the request in the "complex" processing track.

33.     The Center has heard and received nothing from Interior since March 29, 2017.

34.     On June 14, 2017, the Center sent a letter notifying Interior that the agency had violated FOIA's statutory determination deadline and explaining that "54 workdays have passed with no further response from the Interior Department."  The Center also offered to assist Interior in any way, stressing that it sought a "cooperative approach" with the agency but "because of the

time-sensitive nature of the requested data, legal action will be required if the Department fails to make a prompt determination."

35.     As of the date of this First Amended Complaint, the Center has not received any response from Interior to the Center's follow-up letter, and no timetable or actual records by the agency have been produced or received.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Make a Determination on Center's FOIA Requests

Count One:  BLM Failed to Respond to the Center's FOIA Request

36.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

37.     BLM violated FOIA by failing to make a determination on or respond in any manner to Plaintiff's March 28, 2017 FOIA request to the agency.  5 U.S.C. § 552(a)(6).

38.     The Center has a statutory right to receive a determination from BLM, as well as to promptly receive the underlying records it seeks.

39.     BLM has still not informed the Center that its request was received, nor assigned the request a tracking number, nor given an estimated date of completion for a determination on the request.  5 U.S.C. § 552(a)(7).

Count Two:  Interior Failed to Respond to the Center's FOIA Request

40.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

41.     Interior violated FOIA by failing to make a determination on Plaintiff's March 28, 2017 FOIA request to the agency.  5 U.S.C. § 552(a)(6).

42.     The Center has a statutory right to receive a determination from Interior, as well as to promptly receive the underlying records it seeks.

43.     Interior has not given an estimated date of completion for a determination on the request.  5 U.S.C. § 552(a)(7).

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Conduct an Adequate Search for Responsive Records**
**to the Center's FOIA Requests**

Count One:  BLM Failed to Conduct an Adequate Search for Responsive Records

44.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

45.     The Center has a statutory right to have BLM process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  BLM violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Plaintiff's FOIA request.

46.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

47.     The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

48.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

<u>Count Two:   Interior Failed to Conduct an Adequate Search for Responsive Records</u>

49.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50.     The Center has a statutory right to have Interior process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  Interior violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Plaintiff's FOIA request.

51.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

52.     The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

53.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**<u>Failure to Promptly Disclose Records Responsive to Center's FOIA Requests</u>**

<u>Count One:  BLM Refused to Disclose Records Responsive to the FOIA request</u>

54.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55.     BLM violated FOIA and the Department of Interior FOIA Regulations, which apply to BLM, by refusing to disclose records that are responsive to the Center's FOIA request regarding Secretarial Order 3338.  5 U.S.C. § 552(a)(4)(B); 43 C.F.R. § 2.12.

56.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

57.     The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's disclosure provisions as it has in this case.

58.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, BLM will continue to violate Plaintiff's rights to receive public records under FOIA.

Count Two:  Interior Refused to Disclose Records Responsive to the FOIA request

59.     Plaintiff re-alleges and incorporates by reference the allegations made in all the preceding paragraphs.

60.     Interior violated FOIA and the Department of Interior FOIA Regulations, by refusing to disclose records that are responsive to the Center's FOIA request regarding Secretarial Order 3338.  5 U.S.C. § 552(a)(4)(B); 43 C.F.R. § 2.12.

61.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

62.     The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's disclosure provisions as it has in this case.

63.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Interior will continue to violate Plaintiff's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Provide Reasonably Segregable Portions**
**of Any Lawfully Exempt Records**

Count One:  BLM Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

64.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

65.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

66.     BLM violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Plaintiff's FOIA request.

67.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

68.     The Center's organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's disclosure provisions as it has in this case.

69.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

Count Two:  Interior Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

70.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

71.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

72.     Interior violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Plaintiff's FOIA request.

73.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

74.     The Center's organizational activities will be adversely affected if Interior is allowed to continue violating FOIA's disclosure provisions as it has in this case.

75.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

**Unlawfully Withholding or Unreasonably Delaying Actions That FOIA Requires**

Count One:  BLM Unlawfully Withheld or Unreasonably Delayed Action that FOIA Requires

76.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

77.     BLM unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) provide a timely determination on the Center's FOIA request; (2) conduct an adequate search for records that are responsive to the Center's FOIA request; (3) promptly disclose records that are responsive to the Center's FOIA request; and (4) provide the Center with reasonably segregable portions of responsive records to the Center FOIA request in the event that records may be subject to an exemption.  BLM's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

78.     Alternatively, BLM unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to their failure and refusal to (1) provide a timely

determination on the Center's FOIA request; (2) conduct an adequate search for records that are responsive to the FOIA request; (3) promptly disclose records that are responsive to the Center's FOIA request; and (4) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA requests which may be subject to any exemption.  BLM's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

79.     As alleged above, BLM's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of their statutory duties under the APA.

80.     The Center has no other adequate remedy at law to redress the violations noted above.

81.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Two:  Interior Unlawfully Withheld or Unreasonably Delayed Action that FOIA Requires

82.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

83.     Interior unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) provide a timely determination on the Center's FOIA request; (2) conduct an adequate search for records that are responsive to the Center's FOIA request; (3) promptly disclose records that are responsive to the Center's FOIA request; and (4) provide the Center with reasonably segregable portions of responsive records to the Center FOIA request in the event that records may be subject to an exemption.  Interior's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

14

84.     Alternatively, Interior unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to their failure and refusal to (1) provide a timely determination on the Center's FOIA request; (2) conduct an adequate search for records that are responsive to the FOIA request; (3) promptly disclose records that are responsive to the Center's FOIA request; and (4) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA request which may be subject to any exemption.  Interior's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

85.     As alleged above, Interior's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of their statutory duties under the APA.

86.     The Center has no other adequate remedy at law to redress the violations noted above.

87.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fourth Claims)

**The Agencies' Violations of FOIA's Requirements Are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law**

Count One: BLM Actions Here are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law

88.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

89.     BLM violated FOIA's statutory mandates because it failed to (1) provide a timely determination on the Center's FOIA request; (2) conduct an adequate search for records that are

responsive to the FOIA requests; (3) promptly disclose records that are responsive to the Center's FOIA request; and (4) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA request which may be subject to any exemption.  By repeatedly violating FOIA's statutory mandates, BLM's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

90.     As alleged above, BLM's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

91.     The Center has no other adequate remedy at law to redress the violations noted above.

92.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Two:   Interior's Actions Here are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law

93.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

94.     Interior violated FOIA's statutory mandates because it failed to (1) provide a timely determination on the Center's FOIA request; (2) conduct an adequate search for records that are responsive to the FOIA request; (3) promptly disclose records that are responsive to the Center's FOIA request; and (4) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA request which may be subject to any exemption.  By repeatedly violating FOIA's statutory mandates, Interior's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

95.    As alleged above, Interior's repeated failure to comply with the mandates of

FOIA has injured the Center's interests in public oversight of governmental operations and is in

violation of the agency's statutory duties under the APA.

96.    The Center has no other adequate remedy at law to redress the violations noted

above.

97.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendants to provide a determination on Plaintiff's FOIA requests as required by
   FOIA;

B. Order Defendants to conduct searches that are reasonably calculated to locate all records
   responsive to Plaintiff's FOIA requests, with the cut-off date for such searches being the
   date the searches are conducted, and to provide Plaintiff, by a date certain, with all
   responsive records and reasonably segregable portions of lawfully exempt records sought
   in this action.

C. Declare that Defendants' failures to undertake a search for and promptly disclose to
   Plaintiff all records that are responsive to Plaintiff's FOIA requests, as alleged above, are
   unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action
   that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are
   arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. §
   706(2).

D. Declare that Defendants' failure to timely make a determination on Plaintiff's FOIA
   requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative,

is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. §
706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5
U.S.C. § 706(2)(A).

E.  Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions
of records which may be lawfully subject to a FOIA exemption, as alleged above, is
unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that
has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary,
capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

F.  Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E)
or 28 U.S.C. § 2412.

G.  Grant such other and further relief as the Court may deem just and proper.


DATED: July 26, 2017                          Respectfully submitted,


                                              */s/ William J. Snape, III*
                                              William J. Snape, III (D.C. Bar No. 455266)
                                              Center for Biological Diversity
                                              1411 K Street, NW
                                              Washington, DC 20005
                                              202-536-9351
                                              bsnape@biologicaldiversity.org

                                              */s/ Amy R. Atwood*
                                              Amy R. Atwood (D.C. Bar No. 470258)
                                              Center for Biological Diversity
                                              P.O. Box 11374
                                              Portland, OR 97211-0374
                                              (971) 717-6401
                                              atwood@biologicaldiversity.org


                                              *Attorneys for Plaintiff*