IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVIDERSITY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| U.S. BUREAU OF LAND MANAGEMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

Civil Action No. 1:17-cv-1208 (BAH)

**ANSWER AND DEFENSES**

Defendants, the United States Bureau of Land Management ("BLM") and the United States Department of the Interior, Office of the Secretary ("OS") (collectively, the "Defendants"), hereby answers Plaintiff's First Amended Complaint for Declaratory Judgment and Injunctive Relief ("Amended Complaint") (ECF No. 6), brought under the Freedom of Information Act ("FOIA") as follows:

FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

SECOND DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

### THIRD DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### FOURTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

### FIFTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

### SIXTH DEFENSE

Defendants have conducted adequate searches in response to the underlying requests under FOIA, 5 U.S.C. § 552, as amended, or otherwise are in the process of completing searches and releases of non-exempt, responsible records, or segregable portions thereof. Defendants further aver that some or all of the requested records may be exempt, in full or in part, from release under FOIA exemptions.

### SEVENTH DEFENSE

Defendants can show exceptional circumstances, and that they are exercising due diligence in responding to the FOIA requests, which allows the court to retain jurisdiction and grant the Defendants additional time to complete its review. 5 U.S.C. § 552(a)(6)(C)(i). The "exceptional circumstances" include hundreds of open FOIA requests with hundreds backlogged, retirements leading to vacancies in the FOIA offices that remain unfilled, and an administration change. The BLM and OS have received a record number of FOIA requests this year and still

have several vacancies that remain unfilled. The current BLM and OS FOIA staff are working tirelessly to reduce its backlog as the new requests continue to pour in. "[E]xceptional circumstances" can include delay that results from agency workload if the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii). The Defendants can demonstrate reasonable progress in reducing their backlog of pending requests.

Defendants deny each and every allegation contained in the Amended Complaint except as may have been expressly admitted herein. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## **INTRODUCTION[1]**

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterization of its case and the nature of the action, to which no response is required. To the extent that a response is required, deny.

2. Defendants admit that they each received a FOIA request from Plaintiff dated March 28, 2017.

---

[1] Merely for ease of reference, Defendants' Answer replicates the headings contained in the Amended Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. BLM denies the allegations in the first sentence of this paragraph, and admits that, although diligently working to respond to the voluminous request, as of the date of the Amended Complaint, BLM had not yet sent out a response to Plaintiff's FOIA request.

4. OS admits the allegations in the first sentence of this paragraph, and admits that, although diligently working to respond to the voluminous request, as of the date of the Amended Complaint, OS had not sent out a response to Plaintiff's FOIA request other than the acknowledgment.

5. Deny.

6. Defendants deny the allegations in the first sentence of this paragraph. The allegations contained in the second and third sentences of this paragraph constitute Plaintiff's characterization of its case and the nature of the action, to which no response is required. To the extent that a response is required, deny.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 constitute Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.  To the extent that a response is required, admit that jurisdiction is found under FOIA but otherwise deny.

8. The allegations in Paragraph 8 constitute Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent that a response is required, admit that venue is proper in this District.

9. The allegations in Paragraph 9 constitute Plaintiff's legal conclusions regarding appropriate relief, to which no response is required. To the extent that a response is required, deny.

10. The allegations in Paragraph 10 constitute Plaintiff's legal conclusions regarding appropriate relief, to which no response is required. To the extent that a response is required, deny.

## PARTIES

11. Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 11. To the extent that a response is required, deny. Defendants deny the allegations in the third sentence of Paragraph 10.

12. Admit.

13. Admit.

## STATUTORY BACKGROUND

14. The allegations in Paragraph 14 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

15. The allegations in Paragraph 15 constitute Plaintiff's characterization of FOIA and the implementing regulations, to which no response is required. Defendants further aver that the statute cited speaks for itself.

16. The allegations in Paragraph 16 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

17. The allegations in Paragraph 17 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

18. The allegations in Paragraph 18 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

19. The allegations in Paragraph 19 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

20. The allegations in Paragraph 20 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

21. The allegations in Paragraph 21 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

22. The allegations in Paragraph 22 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

23. The allegations in the first sentence of Paragraph 23 constitute Plaintiff's characterization of FOIA and the implementing regulations, to which no response is required. Defendants further aver that the statute cited speaks for itself. The allegations in the second sentence of Paragraph 23 purport to characterize unnamed court opinions, to which no response is required.

24. The allegations in Paragraph 24 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

25. The allegations in Paragraph 25 constitute Plaintiff's characterization of FOIA, to which no response is required. Defendants further aver that the statute cited speaks for itself.

## FACTUAL BACKGROUND

### FOIA Request to BLM

26.     Admit.

27.     The allegations in Paragraph 27 contain Plaintiff's characterization of its FOIA request to BLM, which BLM avers speaks for itself. BLM respectfully refers the Court to Plaintiff's FOIA request to BLM for a full and accurate statement of its contents.

28.     BLM denies the allegations in the first sentence of paragraph 28. BLM admits that it received correspondence from Plaintiff on May 10, 2017.  The allegations in the second and third sentences of this paragraph constitute Plaintiff's characterizations of its "follow-up letter" to BLM, which speaks for itself. BLM respectfully refers the Court to the cited document for full and accurate statements of its contents.

29.     BLM admits that, despite diligently working to respond to the voluminous request, as of the date of the Amended Complaint it had not yet sent a response to Plaintiff.

### FOIA Request to Interior (OS-2017-00376)

30.      Admit.

31.     The allegations in Paragraph 31 constitute Plaintiff's characterizations of its FOIA request to OS, which OS avers speaks for itself. OS respectfully refers the Court to Plaintiff's FOIA request to OS for a full and accurate statement of its contents.

32.      Admit

33.     OS admits that, despite diligently working to respond to the voluminous request, it has not yet sent a response to Plaintiff since the acknowledgment.

34. OS admits that it received a letter from Plaintiff dated June 14, 2017. The allegations in this paragraph constitute Plaintiff's characterizations of the June 14 letter, which speaks for itself. OS respectfully refers the Court to the cited document for full and accurate statements of its contents.

35. OS admits that, despite diligently working to respond to the voluminous request, it has not yet sent a response to Plaintiff since the acknowledgment.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
## Failure to Make a Determination on Center's FOIA Requests

Count One: BLM Failed to Respond to the Center's FOIA Request

36. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 35 of the Amended Complaint.

37. The allegations in Paragraph 29 contain conclusions of law, to which no response is required. To the extent that a response is required, deny.

38. The allegations in Paragraph 38 contain conclusions of law, to which no response is required. To the extent that a response is required, deny.

39. BLM denies the allegations in Paragraph 39 and avers that it has assigned a tracking number to the request (BLM 2017-00751), communicated this information to the Plaintiff, and it has been diligently working to respond to the request.

Count Two: Interior Failed to Respond to the Center's FOIA Request

40. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 39 of the Amended Complaint.

8

41. The allegations in Paragraph 41 contain conclusions of law, to which no response is required. To the extent that a response is required, deny.

42. The allegations in Paragraph 42 contain conclusions of law, to which no response is required. To the extent that a response is required, deny.

43. OS admits that it has been diligently working to respond to the request and, due to the voluminous size of the request, it has not provided an estimated date of completion.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
## Failure to Conduct an Adequate Search for Responsive Records to the Center's FOIA Requests

Count One: BLM Failed to Conduct an Adequate Search for Responsive Records

44. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 43 of the Amended Complaint.

45. The first sentence of Paragraph 45 contains conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in the first sentence of Paragraph 45. BLM denies the allegations in the second sentence of Paragraph 45.

46. BLM lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 46.

47. BLM denies the allegations in Paragraph 47.

48. BLM denies the allegations in Paragraph 48.

Count Two: Interior Failed to Conduct an Adequate Search for Responsive Records

49. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 48 of the Amended Complaint.

50. The first sentence of Paragraph 50 contains conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in the first sentence of Paragraph 50. OS denies the allegations in the second sentence of Paragraph 50.

51. OS lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 51.

52. OS denies the allegations in Paragraph 52.

53. OS denies the allegations in Paragraph 53.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Promptly Disclose Records Responsive to Center's FOIA Requests

Count One: BLM Refused to Disclose Records Responsive to the FOIA request

54. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 53 of the Amended Complaint.

55. The allegations in Paragraph 55 contain conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in Paragraph 55.

56. BLM lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 56. To the extent that a response is required, BLM denies the allegations.

57. BLM denies the allegations in Paragraph 57.

58. BLM denies the allegations in Paragraph 58.

Count Two: Interior Refused to Disclose Records Responsive to the FOIA request

59. Defendants incorporates herein by reference the above responses to Paragraphs 1 through 58 of the Amended Complaint.

60. The allegations in Paragraph 60 contain conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in Paragraph 60.

61. OS lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 61.

62. OS denies the allegations in Paragraph 62.

63. OS denies the allegations in Paragraph 63.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

Count One: BLM Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

64. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 63 of the Amended Complaint.

65. The allegations in Paragraph 65 contain conclusions of law, to which no response is required. To the extent that a response is required, deny.

66. BLM denies the allegations in Paragraph 66.

67. BLM lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 67.

68. BLM denies the allegations in Paragraph 68.

69. BLM denies the allegations in Paragraph 69.

Count Two: Interior Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

70. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 69 of the Amended Complaint.

71.    The allegations in Paragraph 71 contain conclusions of law, to which no response is required. To the extent that a response is required, deny.

72.    OS denies the allegations in Paragraph 72.

73.    OS lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 73.

74.    OS denies the allegations in Paragraph 74.

75.    OS denies the allegations in Paragraph 75.

### <u>FIFTH CLAIM FOR RELIEF</u>
### <u>VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT</u>
**(In the Alternative to the First through Fourth Claims)**

**<u>Unlawfully Withholding or Unreasonably Delaying Actions that FOIA Requires</u>**

<u>Count One: BLM Unlawfully Withheld or Unreasonably Delayed Action that FOIA Requires</u>

76.    Defendants incorporate herein by reference the above responses to Paragraphs 1 through 75 of the Amended Complaint.

77.    The allegations in Paragraph 77 contain conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in Paragraph 77.

78.    The allegations in Paragraph 78 contain conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in Paragraph 78.

79.    BLM denies the allegations in Paragraph 79.

80.    BLM denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 contain conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in Paragraph 81.

Count Two: Interior Unlawfully Withheld or Unreasonably Delayed Action that FOIA Requires

82. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 81 of the Amended Complaint.

83. The allegations in Paragraph 83 contain conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 contain conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in Paragraph 84.

85. OS denies the allegations in Paragraph 85.

86. OS denies the allegations in Paragraph 86.

87. The allegations in Paragraph 87 contain conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in Paragraph 87.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

**The Agencies' Violations of FOIA's Requirements Are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law**

Count One: BLM Actions Here are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law

88. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 87 of the Amended Complaint.

89. The allegations in Paragraph 89 contain conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in Paragraph 89.

90. BLM denies the allegations in Paragraph 90.

91. BLM denies the allegations in Paragraph 91.

92. The allegations in Paragraph 92 contain conclusions of law, to which no response is required. To the extent that a response is required, BLM denies the allegations in Paragraph 92.

<u>Count Two: Interior's Actions Here are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law</u>

93. Defendants incorporate herein by reference the above responses to Paragraphs 1 through 92 of the Amended Complaint.

94. The allegations in Paragraph 94 contain conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in Paragraph 94.

95. OS denies the allegations in Paragraph 95.

96. OS denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 contain conclusions of law, to which no response is required. To the extent that a response is required, OS denies the allegations in Paragraph 97.

**PRAYER FOR RELIEF**

The remainder of Plaintiff's Amended Complaint contains Plaintiff's "Prayer for Relief," which contains conclusions of law, to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, they are denied.

WHEREFORE, having fully answered, Defendants request judgment and relief against Plaintiff as follows:

a) That the claims against Defendants are dismissed with prejudice and that Plaintiff takes nothing and is granted no relief;

b) That Defendants be awarded their costs and disbursements incurred in defending this matter; and

c) Such other and further relief to which they are entitled.

Dated: August 25, 2017        Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
U.S. Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA, Member of New York Bar
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7113
Email: Scott.Sroka@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of August, 2017, that service of the foregoing *Defendants' Answer* has been made on counsel of record through the Court's ECF system.

      /s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA
Member of New York Bar
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7113
Email: Scott.Sroka@usdoj.gov

1